UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JOSE SANCHEZ-LOPEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL DELIVERY SYSTEMS, INC., SANTI MULTISERVICES, INC., SANTI STAFFING SOLUTION, INC., HUMAN LINK STAFFING, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 3:18-cv-502<br>)<br>)<br>)<br>)<br>) NOTICE OF REMOVAL<br>)<br>)<br>)<br>) |

Defendant National Delivery Systems, Inc. ("Defendant") files this Notice of Removal in accordance with 28 U.S.C. sections 1331, 1332, 1367, 1441, and 1446 and hereby removes this action from the General Court of Justice, Superior Court Division, for Mecklenburg County, State of North Carolina (the "State Court") to the United States District Court for the Western District of North Carolina. This Notice is based upon the original jurisdiction of the United States District Court under 28 U.S.C. § 1331, based upon both federal question and diversity jurisdiction, and supplemental jurisdiction over Plaintiff's remaining claims under 28 U.S.C. § 1367. In support of this Notice of Removal, Defendant states as follows:

**STATEMENT OF JURISDICTION**

1. This civil collective action lawsuit arises out of Plaintiff Jose Sanchez-Lopez's ("Plaintiff") alleged employment with Defendants.

2. This Court has original jurisdiction over this action under 28 U.S.C. § 1331, which confers federal question jurisdiction on the federal district courts for "all civil actions arising under the Constitution, laws, or treaties of the United States."

3. This Court also has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1), which confers diversity jurisdiction on the federal district courts for "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- (1) citizens of different States…."

4. This Court has supplemental jurisdiction over Plaintiff's two state law claims related to payment of overtime wages and termination under 28 U.S.C. §§ 1367(a).

5. The U.S. Supreme Court has confirmed that the notice of removal need only contain "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014) (quoting 28 U. S. C. §1446(a)). A defendant does not need to submit evidence to support a notice of removal. *Id.*

6. As set forth below, this case meets all requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

**PLEADINGS, PROCESS, AND ORDERS**

7. On August 2, 2018, Plaintiff filed his collective action lawsuit on behalf of himself and all others allegedly similarly situated in the State Court, titled *Jose Sanchez-Lopez v. National Delivery Systems, Inc., et al.*, Case No. 18cvs15066 (the "State Court Action").

8. Plaintiff's Collective Action Complaint ("Complaint") asserts four causes of action on behalf of himself and/or others allegedly similarly situated: (1) Violation of the Fair Labor Standards Act, 29 U.S.C. § 207; (2) Violations of the North Carolina Wage & Hour Act, N.C. Gen. Stat. §§ 95-25.4, 95-25.6; (3) Violation of the Fair Labor Standards Act, 29 U.S.C. §

215(a)(3); and (4) Wrongful Discharge in Violation of North Carolina Public Policy. *See* Ex. A, Complaint, ¶¶ 49-72.

9. On August 15, 2018, Plaintiff served Defendant, through its registered agent via certified mail, with a copy of the Summons and Complaint.

10. Pursuant to 28 U.S.C. § 1446(a), attached as **Exhibit A** are true and correct copies of "all process, pleadings and orders" that have been served upon Defendant in the State Court Action, including the Summons and Complaint.

11. To the best of Defendant's knowledge, no further documents from the State Court Action have been filed by Plaintiff. Nor have any other documents been filed in the State Court Action by any defendant. The attachments thereby satisfy the requirements of 28 U.S.C. § 1446(a).

## TIMELINESS OF REMOVAL

12. Pursuant to 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief …" 28 U.S.C. § 1446(b); *see also Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (noting the 30-day removal period runs from the service of the summons and complaint).

13. Given that the Complaint and Summons were served on Defendant on August 15, 2018, this Notice of Removal is timely because it is being filed within thirty (30) days of the date of service.

## VENUE

14. Plaintiff filed the Complaint in Mecklenburg County, North Carolina. Venue properly lies in the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. sections 84, 1391, 1441, and 1446.

3

Case 3:18-cv-00502-FDW-DSC   Document 1   Filed 09/13/18   Page 3 of 9

15. This is the District Court of the United States for the district embracing the place where the State Court Action is pending and is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a). *See also* 28 U.S.C. § 113(c)(2) (relating to the three judicial districts of North Carolina).

## CONSENT OF CO-DEFENDANTS

16. Defendant's counsel has consulted with co-defendants, which concur in the removal and have provided Defendant's counsel with their consent to removal of the action. *See* 28 U.S.C. § 1446(b)(1)(A); *Mayo v. Bd. of Educ.*, 713 F.3d 735 (4th Cir. 2013).

## JURISDICTIONAL REQUIREMENTS

17. Noted above, this is a civil action over which this Court has original jurisdiction pursuant to both 28 U.S.C. § 1331 and 28 U.S.C. § 1332(a)(1), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

### Federal Question Jurisdiction

18. This Court has original jurisdiction over this action under 28 U.S.C. § 1331, which confers federal question jurisdiction on the federal district courts for "all civil actions arising under the Constitution, laws, or treaties of the United States."

19. Plaintiff's claims for relief present federal questions to the Court by alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, in two of his four causes of action. *See* Ex. A, Complaint, ¶¶ 49-56; 64-68. As such, this Court has original federal question jurisdiction over this matter and it is removable under 28 U.S.C. § 1441(a).

### Diversity Jurisdiction

20. This Court also has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1), which confers diversity jurisdiction on the federal district courts for "all civil actions

4

where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- (1) citizens of different States…."

21. The Court has jurisdiction over this action because there is complete diversity of citizenship between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a).

22. Citizenship of a natural person is established by domicile. 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled). Likewise, a corporation "shall be deemed a citizen of every State and foreign state by which it has been incorporated and of the State or foreign where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

23. The Complaint sets forth the complete diversity of the parties. The Complaint alleges that Plaintiff is a resident of North Carolina. Complaint ¶ 6. The Complaint confirms that no defendant is a citizen of North Carolina, alleging that defendants National Delivery Systems, Inc., Santi Multiservices, Inc., and Santi Staffing Solution, Inc. are Maryland corporations with principal places of business in Maryland, and that defendant Human Link Staffing, LLC is a Virginia corporation with principal place of business in Virginia. Ex. A, Complaint, ¶ 7-12. Accordingly, complete diversity of citizenship exists between Plaintiff and the defendants.

24. Although the Complaint does not allege a specific amount in controversy,[1] it can be ascertained that the amount in controversy in this action does, in fact, exceed $75,000, exclusive of interest and costs. The Complaint broadly requests relief for Plaintiff for unpaid overtime wages, liquidated damages, additional economic, non-economic, punitive damages, and attorneys' fees. Complaint, ¶¶ 3, 4, 5, 44, 63, 68, 72, 74, 75, 77.

---

[1] The Complaint merely alleges that "Named, Opt-In, and Putative Plaintiffs have been damaged in excess of $25,000." Ex. A, Complaint, ¶ 56.

25. More specifically, Plaintiff's counsel has informed the undersigned counsel for Defendant that he calculates the value of Plaintiff's individual claims alone are in an amount in excess of $75,000.

26. Defendant denies the validity and merits of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the allegations for monetary and other relief requested. However, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or penalties whatsoever, Plaintiff's claims on behalf of himself establish an amount in controversy well in excess of the jurisdiction minimum for this removal of $75,000. As such, this Court has diversity jurisdiction over this matter and it is removable under 28 U.S.C. § 1441(b).

**Supplemental Jurisdiction**

27. Plaintiff's Complaint also asserts two state law claims related to payment of overtime wages and termination. This Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. §§ 1367(a), which provides, in relevant part, as follows:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. §§ 1367(a).

28. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because the claims arise from the same controversy that gave rise to Plaintiff's federal claims and are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution. In particular, all of Plaintiff's claims include allegations regarding the same work relationship between Plaintiff and

6

Defendants. These commonalities are sufficient to establish supplemental jurisdiction over Plaintiff's other claims. *See McFarland v. Va. Retirement Servs.*, 477 F. Supp. 2d 727, 731-32 (E.D. Va. 2007) (exercising jurisdiction over FLSA claim and state wrongful discharge claim) (citing *White v. County of Newberry*, 985 F.2d 168, 171 (4th Cir. 1993)).

## NOTICE TO STATE COURT AND ADVERSE PARTY

29. Pursuant to 28 U.S.C. § 1446(d), a "Notice to State Court of Filing Notice of Removal" and a copy of this Notice of Removal are being contemporaneously filed with the State Court and served on Plaintiff's counsel of record. Attached as **Exhibit B** is a true and exact copy of the "Notice to State Court of Filing Notice of Removal" (without exhibits)

## CONCLUSION

This action is removable to this Court because: (a) it raises a federal question under 28 U.S.C. § 1331; (b) it is subject to diversity jurisdiction under 28 U.S.C. § 1332(a)(1); (c) this Notice of Removal is filed within thirty days (30) after Defendant was served with the Complaint; (d) the State Court in which this action was commenced is within this Court's district and division; and (e) the other co-defendants have given their consent to removal.

By filing this notice of removal, Defendant does not waive, and expressly preserves, all arguments and defenses, including but not limited to any defenses that Plaintiff's claims lack merit, that Defendant is an improper defendant in this action, that Plaintiff lacks standing to sue under Article III of the U.S. Constitution, that Plaintiff filed suit in the improper venue, or that personal jurisdiction is lacking.

WHEREFORE, please take notice that Defendant National Delivery Systems, Inc. hereby removes the above-entitled action from the General Court of Justice, Superior Court Division of Mecklenburg County, North Carolina to the United States District Court for the Western District of North Carolina.

Dated: September 13, 2018

/s/ *Jerry H. Walters, Jr.*
Jerry H. Walters, Jr., N.C. Bar No. 23319
jwalters@littler.com
LITTLER MENDELSON, P.C.
Bank of America Corporate Center
100 North Tryon Street, Suite 4150
Charlotte, NC 28202
Telephone: 704.972.7000
Facsimile: 704.731.0797

*Attorneys for Defendant*
*National Delivery Systems, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served upon the following counsel of record by United States Mail, first class service, postage prepaid to:

>Michael A. Kornbluth
>Andrew J. Henson
>Kornbluth Ginsberg Law Group, P.A.
>3100 Tower Boulevard, Suite 800
>Durham, North Carolina 27707
>
>*Attorneys for Plaintiff*

>/s/ Jerry H. Walters, Jr.
>Attorney for Defendant
>National Delivery Systems, Inc.